UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

      Plaintiff,

                                              Civil Case No. 16-11265
v.                                             Honorable Linda V. Parker

THOMAS JACKSON, WAYNE COUNTY
CIRCUIT COURT, HEIDI JACKSON, MICHIGAN
DEPARTMENT OF CORRECTIONS,

      Defendants.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING COMPLAINT; (2) CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH; AND (3) FINDING PLAINTIFF SUBJECT TO THE "THREE STRIKES" RULE IN 28 U.S.C. § 1915(g)**

Anthony Dwayne Washington ("Plaintiff"), a Michigan prisoner, has filed a pro se civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). In his Complaint, Plaintiff challenges the sentence Defendant Wayne County Circuit Court Judge Thomas Jackson imposed for Plaintiff's 1998 involuntary manslaughter conviction and therefore his continued confinement as a Michigan Department of Corrections' prisoner. Defendant Heidi Jackson is the Director of MDOC. Having reviewed Plaintiff's Complaint, the Court concludes that it is subject to summary dismissal.

Under the Prison Litigation Reform Act, the Court is required to sua sponte dismiss a complaint filed without prepayment of the filing fee before service on a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court similarly is required to dismiss a complaint seeking redress against government entities, officers, or employees, which the Court finds to be frivolous or malicious, fails to state claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se litigant's pleadings are held to a "less stringent standard" than those drafted by attorneys and a pro se complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, such complaints must plead sufficient facts to show a legal wrong committed by the defendant(s) for which relief may be granted. *See* Fed. R. Civ. P. 12(b). To state a claim under § 1983, the plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a

federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996)

This is the third civil rights lawsuit Plaintiff has filed challenging Judge Jackson's sentence and Plaintiff's continued incarceration as a result of that sentence.[1] In 2007, Plaintiff sued Judge Jackson, his criminal defense attorneys, and several MDOC employees. *Washington v. Jackson*, No. 07-cv-15312 (E.D. Mich. filed Dec. 13, 2007). The Honorable George Caram Steeh summarily dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and on the basis of judicial immunity. *Id.*, 2007 WL 4557697 (E.D. Mich. Dec. 20, 2007) (unpublished opinion). As Judge Steeh reasoned, § 1983 is not the proper vehicle for Plaintiff to challenge his conviction and sentence. *Id.* at

---

[1] Plaintiff also has filed multiples applications for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 with respect to the challenged sentence in this District and the Western District of Michigan. *Washington v. Brewer*, 16-cv-10121 (E.D. Mich. filed Jan. 12, 2016); *Washington v. Woods*, 09-cv-45 (W.D. Mich. filed Feb. 20, 2009); *Washington v. Woods*, No. 08-cv-12681 (E.D. Mich. filed June 23, 2008); *Washington v. Metrish*, 05-cv-70589, (E.D. Mich. filed Feb. 14, 2005). Two of those petitions were denied on the merits. *See Washington v. Woods*, 09-cv-45, 2009 WL 4043351 (W.D. Mich. Nov. 20, 2009) (unpublished opinion); *Washington v. Metrish*, No. 05-cv-70589, 2006 WL 2135504 (E.D. Mich.) (unpublished opinion), *aff'd*, No. 06-2108 (6th Cir. June 19, 2007). The second and third petitions filed in this District were transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). *Washington v. Brewer*, No. 16-cv-10121, 2016 WL 787134 (E.D. Mich. Mar. 1, 2016); *Washington v. Woods*, No. 08-cv-12681, 2008 WL 2950108 (E.D. Mich. July 31, 2008). The Sixth Circuit denied Plaintiff permission to file the petition filed in 2008. *In re Washington*, No. 08-1906 (6th Cir. Jan. 7, 2009). The most recent petition was dismissed for lack of prosecution. *In re Washington*, No. 16-1262 (6th Cir. May 17, 2016).

*2.  Moreover, Judge Jackson is entitled to absolute immunity for any actions undertaken as the judge overseeing Plaintiff's criminal case.  *Id.*

In 2008, Plaintiff filed a second lawsuit challenging his sentence and continued confinement in which he named as defendants Judge Jackson, one of his defense attorneys, the prison warden then having custody over him, and the MDOC Director.  *Washington v. Jackson*, 08-cv-11235 (E.D. Mich. filed Mar. 31, 2008).  Judge Steeh summarily dismissed Plaintiff's complaint on April 10, 2008, concluding that it was barred by the doctrine of res judicata.  *Id.*, 2008 WL 1456344, at *1-2 (E.D. Mich. Apr. 10, 2008) (unpublished opinion).  Judge Steeh indicated that even if not barred by the doctrine of res judicata, Plaintiff's complaint was subject to summary dismissal for the same reasons stated when dismissing his first lawsuit.  *Id.*

Under the res judicata or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action.  *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).  In this case, as it was in Plaintiff's previous civil rights action, all four elements are present.  As such, the present lawsuit also is barred by the doctrine of

res judicata and must be dismissed as frivolous.  *See Butts v. Wilkinson*, No. 96-4280, 1998 WL 152778, *1 (6th Cir. Mar. 25, 1998) (unpublished opinion) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon res judicata doctrine); *McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); *Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1150 (N.D. Ill. 1995) (dismissal of prisoner action as frivolous given preclusive effect against similar claims raised in subsequent complaint).  Moreover, for the reasons stated in both of Judge Steeh's previous decisions, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

For these reasons, the Court **SUMMARILY DISMISSES** Plaintiff's Complaint pursuant to 42 U.S.C. § 1997(e)(c) and 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).  Moreover, as set forth above, Plaintiff previously filed two civil rights actions which have been dismissed as frivolous:  (1) *Washington v. Jackson*, No. 07-cv-15312, 2007 WL 4557697 (E.D. Mich. Dec. 20, 2007); and (2) *Washington v. Jackson*, No. 08-cv-11235, 2008 WL 1456344, at *1-2 (E.D. Mich. Apr. 10, 2008).  Plaintiff is placed

on notice that the current dismissal constitutes his "third strike" under the provisions of 28 U.S.C. § 1915(g), which bars a prisoner from proceeding in forma pauperis under § 1915 when the prisoner has had three prior suits dismissed on the grounds that the actions were frivolous, malicious, or failed to state a claim, unless the prisoner is in imminent danger of serious physical injury.  As such, Plaintiff is **BARRED FROM PROCEEDING IN FORMA PAUPERIS** under § 1915, unless his complaint reflects that he is in imminent danger of serious physical injury.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 9, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 9, 2016, by electronic and/or U.S. First Class mail.

s/ Shawna Burns on behalf of Richard Loury
Case Manager